UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUY ADAM ROOK,

                Petitioner-Appellant,

  v.

DONALD HOLBROOK,

                Respondent-Appellee.

No.    20-35139

D.C. No. 2:18-cv-00233-JCC
Western District of Washington,
Seattle

ORDER

Before: EBEL,[*] BEA, and VANDYKE, Circuit Judges.

The petition for panel rehearing is **GRANTED**. The Memorandum

Disposition filed on August 24, 2021, is **WITHDRAWN** and replaced with a

superseding Memorandum Disposition filed concurrently with this order. With

this superseding disposition, the petition for rehearing en banc is **DENIED** as

moot. Future petitions for rehearing will be permitted under the deadlines outlined

in Federal Rules of Appellate Procedure 35(c) and 40(a)(1).

    **IT IS SO ORDERED.**

---

[*]     The Honorable David M. Ebel, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUY ADAM ROOK,

　　　　　Petitioner-Appellant,

　v.

DONALD HOLBROOK,

　　　　　Respondent-Appellee.

No.　20-35139

D.C. No. 2:18-cv-00233-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted August 13, 2021
Seattle, Washington

Before:　EBEL,[**] BEA, and VANDYKE, Circuit Judges.

A jury convicted Guy Rook of vehicular assault committed in a reckless manner. *See* Rev. Code Wash. § 46.61.522. Because this conviction was his "third strike" under Washington's Persistent Offender Accountability Act (the "POAA"), the Washington state trial court sentenced him to life imprisonment without the

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

possibility of parole. *See* Rev. Code Wash. § 9.94A.570. On direct appeal, the Washington Court of Appeals affirmed, concluding that he failed to prove his sentence was grossly disproportionate in violation of the Eighth Amendment of the U.S. Constitution and Article 1 (Section 14) of the Washington Constitution.[1] Rook then filed the instant habeas petition under 28 U.S.C. § 2254. The district court denied the petition, and Rook appeals from this decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Rook first contends that his federal constitutional claim was not "adjudicated on the merits in State court proceedings" under § 2254(d). If Rook were right, he would be entitled to de novo review, rather than § 2254(d)'s highly deferential standard of review. *See Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014).

Rook is correct to some extent: the Washington Court of Appeals declined to address his Eighth Amendment claim directly because, as it explained, "[t]he state constitutional proscription against 'cruel punishment' affords greater protection than its federal counterpart," so "if the state constitutional provision is not violated, neither is the federal provision." But his argument ultimately fails because a

---

[1] The Washington Supreme Court subsequently denied review without comment, so we review the Washington Court of Appeals's decision as the "last reasoned state court opinion." *Tamplin v. Muniz*, 894 F.3d 1076, 1082 (9th Cir. 2018) (internal citation omitted).

discussion of federal authority is not required to find that a state court adjudicated a petitioner's federal claim "on the merits." *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (holding that § 2254(d) "does not require citation of [federal] cases—indeed, it does not even require *awareness* of [federal] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them"); *Johnson v. Williams*, 568 U.S. 289, 299, 301 (2013) (reversing grant of habeas and holding that "a state appellate court may regard its discussion of the state precedent as sufficient to cover a claim based on the related federal right").

Although our "strong" presumption "that the federal claim was adjudicated on the merits" is not "irrebuttable," *id.* at 301–02, Rook fails to rebut the presumption. Rook argues that the Washington Court of Appeals failed to consider the merits of his Eighth Amendment challenge on the grounds that the court erred in holding that the Washington Constitution's bar on cruel punishment is more protective than the Eighth Amendment prohibition. For the reasons stated below, we are not persuaded by this analysis of Washington law. But even if Rook were correct, his arguments amount to the claim that the Washington Court of Appeals applied the wrong standard to assess his Eighth Amendment claim. This argument is more apt in addressing the next step of the analysis: whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d); *see Norris v. Morgan*, 622 F.3d 1276, 1285

(9th Cir. 2010) (applying § 2254(d) even though the Washington Court of Appeals declined to discuss petitioner's Eighth Amendment claim because the Washington Constitution, which it did discuss, is more protective). Because Rook fails to establish that his federal constitutional claim was not "adjudicated on the merits," we must apply § 2254(d)'s deferential standard of review.

2. Rook next argues that even if the Washington Court of Appeals had adjudicated his claim "on the merits," he is still entitled to relief because the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d). "Under the 'contrary to' prong of § 2254(d)(1), a federal court may grant habeas relief only if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *McKinney v. Ryan*, 813 F.3d 798, 811 (9th Cir. 2015) (internal citation omitted).

Specifically, Rook contends that the Washington Court of Appeals's decision was "contrary to" the principles set forth in *Rummel v. Estelle*, 445 U.S. 263 (1980); *Solem v. Helm*, 463 U.S. 277 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991); and *Graham v. Florida*, 560 U.S. 48 (2010). But the Supreme Court has recognized that its Eighth Amendment proportionality "precedents . . . have not been a model of clarity." *Lockyer v. Andrade*, 538 U.S. 63, 72–73 (2003). In evaluating

4

proportionality claims, the Supreme Court has considered some "objective criteria," such as "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem*, 463 U.S. at 292. The Supreme Court has concluded, however, that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer*, 538 U.S. at 72–73.[2]

Although the Washington Court of Appeals addressed Rook's proportionality claim under the Washington Constitution,[3] Rook fails to establish that the decision

---

[2] A majority of the Court repeated this general principle in *Graham*, and also described the approach of Justice Kennedy's opinion in *Harmelin* (decided before *Lockyer*) as beginning with a comparison of "the gravity of the offense and the severity of the sentence." 560 U.S. at 59–60. But the *Graham* court did not rely on "[t]he approach in cases such as *Harmelin*," which "is suited for considering a gross proportionality challenge to a particular defendant's sentence, because [in *Graham*] a sentencing practice itself [was] in question," implicating instead a different line of precedent. 560 U.S. at 61–62. Petitioner also cites cases from this Circuit, but 28 U.S.C. § 2254(d)(1) "permits habeas relief only if a state court's decision is 'contrary to, or involved an unreasonable application of, clearly established Federal law' as determined by [the Supreme] Court, not by the courts of appeals." *Lopez v. Smith*, 574 U.S. 1, 6 (2014). At any rate, for the reasons stated below, we are satisfied that the Washington Court of Appeals adequately considered the gravity of Rook's offenses and the severity of his sentence.

[3] In doing so, the Washington Court of Appeals analyzed three factors derived from *State v. Fain*, 617 P.2d 720 (Wash. 1980): "(1) the nature of the offense, (2) the punishment received in other jurisdictions for the same offense, and (3) the

"was contrary to . . . clearly established Federal law" under § 2254(d). The Washington Court of Appeals considered—and rejected—Rook's argument that "the seriousness of [his] offenses weighs heavily against application of the POAA in this case" and that his circumstances "do not warrant the imposition of the highest punishment possible short of the death penalty." The court analyzed past and present iterations of the vehicular assault statute, of which Rook was convicted, and concluded that "Rook fail[ed] to show that either the nature of the [offense] or the legislative purpose warrants a less severe penalty." The Washington Court of Appeals also examined "a survey of other states' vehicular assault statutes" and found that Rook's conduct satisfies the elements for assault with a deadly weapon—and thus constitutes a "strike" under the respective recidivist statute—in both North Carolina and California. Rook thus fails to carry his burden. *Cf. Harmelin*, 501 U.S. at 987–89, 1001 (holding that mandatory life sentence without possibility of parole for possession of cocaine was not grossly disproportionate in violation of the Eighth

---

punishment imposed for other offenses in the same jurisdiction." *See State v. Manussier*, 921 P.2d 473, 485 (Wash. 1996) (specifying that Washington state courts "consider[] [these] three factors in determining whether a punishment is disproportionate to the crime committed and thus 'cruel' in contravention of [Washington] Const. art. I, § 14").

Amendment).[4]

Accordingly, the district court's order, which denied Rook's habeas petition under § 2254, is **AFFIRMED.**

---

[4] We reject Rook's contention that Washington state courts are "required"—in contravention of "clearly established Federal law"—to disregard the distinction between sentences of life with and without the possibility of parole. Rook relies on *State v. Rivers*, 921 P.2d 495, 503 (Wash. 1996), in which the court, while assessing the interjurisdictional factor of its proportionality analysis under *Fain*, stated that "the penalties [Rivers could receive in other jurisdictions] vary, but many include life sentences" and that previously the Washington Supreme Court "held that the distinction between life sentences with and without parole is not significant." *Rivers* referred to *In re Grisby*, 853 P.2d 901 (Wash. 1993), in which the Washington Supreme Court noted that although "[t]he two penalties . . . are substantially similar," they are "obviously not identical." *Grisby*, 853 P.2d at 905 (citation and italics omitted). Recognizing that the U.S. Supreme Court's "majority opinion in *Solem* is very fact specific," the Washington Supreme Court clarified that "[e]ven the most cursory reading of *Solem* shows that its references to the disparity of sentences of life with and without possibility of parole are limited to [the petitioner]'s sentence" in that case. *Id.* at 905–07.

But even assuming that *Rivers* could be interpreted as holding categorically that a court may disregard the distinction between life sentences with and without parole in weighing the interjurisdictional, second *Fain* factor, this is not what the Washington Court of Appeals did in Rook's case. The court recognized that Rook received "a life sentence without parole for his conviction for vehicular assault, a third serious offense." While the court stated that Rook's conduct could be punished by a merely indeterminate life sentence under California's "three strikes" law, it also relied upon a North Carolina statute, N.C. Gen. Stat. § 14-7.12, which punishes violent habitual felons for life imprisonment without parole, and the fact that Nevada and Vermont subject offenders to a life sentence without parole for potentially less serious conduct, albeit after a fourth felony conviction. It thus appears more likely than not that the Washington Court of Appeals took into consideration the fact that laws of other states, as applied to conduct similar to Rook's, would result in a sentence of life without parole. For these reasons, Rook's contention is "incompatible with § 2254(d)'s 'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

7